UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL GODDARD,<br><br>      Movant,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 22-CV-3288 (LAP)<br><br>17-CR-0439 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, United States District Judge:

  Movant Jamel Goddard pleaded guilty to one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c), and he was sentenced to 292 months in prison, followed by ten years of post-release supervision. *See United States v. Goddard*, ECF 1:17-CR-0439, 30 (LAP) (S.D.N.Y. Aug. 16, 2018), *aff'd*, No. 18-2442 (2d Cir. Sept. 30, 2019).

  On April 19, 2022, Goddard filed a letter seeking to "reinstate [his] Notice of Appeal or a 2255. Case No. # (17 cr. 439) (LAP)." (ECF No. 1.) Goddard did not file a motion for relief under 28 U.S.C. § 2255.

## DISCUSSION

**A. Motion for Relief Under 28 U.S.C. § 2255**

  Goddard requests either reinstatement of his appeal or relief under Section 2255. Because Goddard's conviction in this Court was affirmed by the United States Court of Appeals for the Second Circuit, see *United States v. Goddard*, No. 18-2442 (2d Cir. Sept. 30, 2019), the Court cannot reinstate his appeal. Goddard's letter may, however, be construed as a motion for relief under 28 U.S.C. § 2255 because it appears that he seeks to challenge the legality of his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section

2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

If Goddard does not want to pursue relief under § 2255, he may notify the Court in writing within thirty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). If Goddard does not respond to this order within the time allowed, the letter will remain designated as a motion under 28 U.S.C. § 2255.[1]

Goddard will have one opportunity within the limitations period for a full adjudication of his claims. For that reason, the Court grants Goddard sixty days' leave to file an amended § 2255 motion that sets forth all his grounds for relief and all facts in support of those grounds.

## B.   Timeliness

Goddard' indicates in his letter that while he was detained on Rikers Island for 19 months to answer state criminal charges, he was not able to contact his attorney for this case. He also indicates that he is not aware of the status of his appeal. Notwithstanding this information, Goddard's letter does not sufficiently address the timeliness of his claims. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on

---

[1] A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Goddard's application was received by the court on April 19, 2022, more than two years after his judgment was upheld on appeal and his time to seek a writ of *certiorari* from the United States Supreme Court had expired. Goddard is therefore directed to show cause within sixty days why this motion should not be denied as untimely. He should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

The Court finds that Goddard's letter should be construed as a motion under 28 U.S.C. § 2255. If Goddard does not want to pursue relief under § 2255, he may notify the Court in writing within thirty days that he wishes to withdraw this action. If Goddard does not respond to this order, the letter will remain designated as a § 2255 motion. Within sixty days from the date of this order, Goddard is directed to file an amended § 2255 motion setting forth all his grounds for relief and any supporting facts and showing cause why the motion should not be denied as untimely. A Motion Under 28 U.S.C. § 2255 Form is attached to this order. No answer shall be required at this time.

Because Goddard has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail Movant a copy of the Court of Appeals September 30, 2019, Mandate, ECF 1:17-CR-0439, 41, with this order.

SO ORDERED.

Dated: 4/26/22
New York, New York

_____
LORETTA A. PRESKA
United States District Judge